

# The Attorney General of Texas

December 11, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
  and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. MW-96

Re: Whether facilities of the Department of Mental Health and Mental Retardation are authorized to pay application fees to the Health Facilities Commission for projects donated to the Department.

Dear Dr. Kavanagh:

You have requested our opinion regarding whether facilities of the Department of Mental Health and Mental Retardation are authorized to pay application fees to the Health Facilities Commission under article 4418h, V.T.C.S.

The purpose of article 4418h, the Health Planning and Development Act of 1975, is to insure that

> appropriate health planning activities be undertaken and implemented and that health-care services and facilities be provided in a manner that is cost effective and that is compatible with the health-care needs of the various areas and populations of the state.

V.T.C.S. art. 4418h, § 1.02. To achieve this purpose, every "person" must obtain a certificate of need or an exemption certificate from the Health Facilities Commission before commencing any project to:

(1) substantially expand a service currently offered or provide a service not currently offered by the facility;

(2) construct a new facility or change the bed capacity of an existing facility;

(3) modify an existing facility;

   (4)   convert a structure into a health-care facility; or

   (5)   organize an HMO which requires a new or modified facility.

V.T.C.S. art. 4418h, S 3.01(a).  An applicant is eligible for an exemption certificate under certain circumstances, as, for example, when "in the case of modification of an existing facility the total cost of the proposed modification will not exceed $100,000."  V.T.C.S. art. 4418h, S 3.02(a)(3).  Otherwise, for any project within the terms of section 3.01, the applicant must seek a certificate of need accompanied by the requisite application fee, which ranges from $25.00 to $3,500.00, depending upon the type and size of the project. Sections 3.04, 3.05.

      You state that certain capital improvement projects at the Department of Mental Health and Mental Retardation are undertaken by the volunteer councils of the various facilities of the department.  No appropriated funds are used in these projects, but they are donated to the department upon completion.

      Section 3.04(b) of article 4418h states that "[e]ach application for a certificate of need must be accompanied by the required application fee," and section 3.01(a) directs that "each person" obtain a certificate of need or an exemption certificate for any proposed project listed therein.  Section 1.03(14) defines "person" as

         an individual, sole proprietorship, charity, trust, estate, institution, group, association, firm, joint venture, partnership, joint stock company, cooperative, corporation, the state or a political sub-division or instrumentality of the state, the federal government or a political subdivision or instrumentality of the federal government, any receiver, trustee, assignee, or other similar representative or any other legal entity.

It is clear that "person" includes a volunteer council of a facility of the Department of Mental Health and Mental Retardation.  It is therefore our opinion that a volunteer council is required to pay the requisite fee to the Health Facilities Commission in order to undertake a project contemplated by article 4418h.  If, however, the Department can gain a benefit by contracting with the volunteer council to pay the application fee, then the Department is authorized to pay the fee if it has available funds.  Thus, for example, if the volunteer council agreed to donate a swimming pool or recreation building to the Department on the condition that the Department pay the application fee, the Department could enter into such an agreement.

## S U M M A R Y

      A volunteer council of a facility of the Texas Department of Mental Health and Mental Retardation is required to pay the appropriate fee to the Health Facilities Commission in order to undertake a project contemplated by article 4418h, V.T.C.S.  The

Department of Mental Health and Mental Retardation may agree to pay the application fee on behalf of the council, if payment of the fee results in a benefit to the Department.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood